


2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496 FAX 203.220.8497 · WWW.DILWORTHIP.COM

August 15, 2014

Hon. Roslynn R. Mauskopf
Hon. Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
*By ECF*

*Luv N' Care, Ltd. et al. v. Manuel, Shiboleth LLP, et al.* -- 1:13-cv-04720 (RRM)(JMA)

Dear Judge Mauskopf and Judge Azrack:

This response is made to the "letter-motion" of Defendants dated July 25, 2014, in which the Defendants improperly request that the Court "dismiss this case with prejudice", in violation of LCR 7.1(d):

> Local Civil Rule 7.1(d) would authorize the use of letter-motions for applications for extensions or adjournments, applications for a pre-motion conference, and similar **non-dispositive** matters.… Local Civil Rule 7.1(d) is not intended to expand the types of motions that can be made by letter-motion. **For example, motions to dismiss...may not be made by letter-motion…(**Local Civil Rules -- EDNY and SDNY; LCR 7.1(d), 2013 Committee Note).

The Defendants continually abuse the non-dispositive function of letter-motions -- *inter alia*, with incompetent remarks. For example and among many others, Shiboleth argues the *non sequitur* that Mr. Cohen (as agent) may **also** be liable, but seeks to ignore its own liability (as principal), and inasmuch as Mr. Cohen: (i) was continuously held out to the Public by Shiboleth as Shiboleth's agent; (ii) was listed as "Of Counsel" on the Shiboleth LLP website; (iii) shared expenses with Shiboleth LLP (*e.g.*, the Shiboleth telephone, legal and administrative staff, equipment, postage, cleaning, couriers, storage, moving, etc.); (iv) was forbidden from placing any separate identifier on Shiboleth's door; (v) was included on Shiboleth's malpractice insurance; and (vi) remains susceptible to third-party joinder[1].

Unfortunately, at the hearing of July 7th, opposing counsel was uncandid with the Court. Specifically, Shiboleth's lawyer (Defendant Manuel) was fully aware[2] that Shiboleth had in fact represented Luv n' care on the underlying patent case that forms the basis of their malpractice. Attached are the Declarations of Hakim, Guerriero and Ambrose regarding the initiation, development and day-to-day functioning of the lawyer-client relationship with Shiboleth LLP in a wide variety of legal matters, **including detailed billings by Shiboleth LLP (and on Shiboleth LLP letterhead!)[3].**

---

[1] See, http://www.shiboleth.com/cohen.htm; and Declaration of Guerriero, Exhibit A.

[2] *i.e.*, as Shiboleth's "Head of Litigation". http://www.shiboleth.com/attorney/Charles_Manuel/71; also see, Declaration of Hakim, Para. 6, re Shiboleth's touting Mr. Charles Manuel to Luv n' care as "a very experienced litigator", and who "could handle LNC's intellectual property litigation".

[3] See Declaration of Guerriero, Exhibit B.

DILWORTH IP • INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 • TEL 203.220.8496 FAX 203.220.8497 • WWW.DILWORTHIP.COM



Moreover, Mr. Cohen was not merely a "renter of space", inasmuch as the Shiboleth LLP website held out to the Public: "Morris E. Cohen is Of Counsel to the New York office." Furthermore, another Shiboleth LLP lawyer, who was also listed on the Firm website as "Of Counsel", continues to be listed on the court's docket for the *Walgreens* case as: Rochelle R. Weisburg, **Shiboleth, LLP**,… rochellew-@**shiboleth.com**, *LEAD ATTORNEY ATTORNEY TO BE NOTICED.*[4]

Secondly, the Defendants' argument for alleged running of the Statute of Limitations under New York law concomitantly fails -- because this attorney-client relationship had continued until at least the SDNY's date of case termination (October 5, 2010). Wherefore, and inasmuch as the initial Complaint for malpractice was filed against Shiboleth on May 31, 2013, there is no Statute of Limitations issue[5].

Thirdly, Luv n' care takes exception to the Defendants' attempts to impeach the sworn Returns of Service. In any event, an evidentiary hearing is required to adjudicate competing statements under oath.

Fourthly, the Defendants' letter-motion contains the bare contention on the subject of venue that Mr. Shiboleth is somehow not domiciled at 767 Montauk Highway, Westhampton Beach, New York 11978. In that regard, the Amended Complaint alleges:

> 5. Amnon Shiboleth is a lawyer licensed to practice law in the State of New York, a Member of Shiboleth, LLP, a citizen of the Nation of Israel, and maintains a residence at 767 Montauk Highway, West Hampton Beach, New York 11978, within the jurisdiction of this Court, the United States District Court for the Eastern District of New York.

Typically, the Defendants submit no evidence, and here as to Mr. Shiboleth's domiciliary. However, under the governing law, the location of one's (non-separated) spouse also is strong indicium of domicile. Mr. Shiboleth's wife, Lynn Krominga, Esq., gives the address of her law office as: Lynn Krominga, 771 Montauk Hwy, Westhampton Beach, NY 11978 917-270-4735.[6] Moreover, where one's children reside is a further sound indicator of domicile. The New York Times reports that "Ms. Krominga and Mr. Shiboleth…share the home with their daughter, Karen…".[7] But yet more importantly, the controlling law on determining domicile shows the utter futility of Mr. Shiboleth's (albeit purely *ipse dixit)* conclusory, unsupported and subjective contentions:

> "Although intent is crucial to domicile, mere subjective statements of affiliation with a particular state or of an intent to make it one's home, of course cannot suffice for a finding of state citizenship if such statements are belied by objective indicia of actual residence and intent."

---

[4] See http://www.shiboleth.com/weisburg.htm

[5] And, it is further uncontested that Defendant Shiboleth LLP did not send a "dis-engagement letter" to terminate the *de facto* and *de jure* attorney-client relationship. Yet further, as Shiboleth had concealed its malpractice, it would be estopped to raise the Statute of Limitations as an affirmative defense.

[6] http://www.lawlink.com/attorney/632443

[7] http://www.nytimes.com/2004/05/30/nyregion/long-island-journal-pedigree-grand-house-gets-a-new-family.html

DILWORTH IP · INTELLECTUAL PROPERTY LAW

2 CORPORATE DR., SUITE 206, TRUMBULL, CT 06611 · TEL 203.220.8496 FAX 203.220.8497 · WWW.DILWORTHIP.COM



> A "totality of the evidence" approach is called for, and no single factor is conclusive, although the residence of a married person's spouse and children (if the couple has not separated) is given considerable weight. "Among the influential factors are the place where civil and political rights are exercised, taxes paid, real and personal property (such as furniture and automobiles) located, driver's and other licenses obtained, bank accounts maintained, location of club and church membership and places of business or employment." Courts have also listed other factors as relevant, including whether the person owns or rents his place of residence, the nature of the residence (i.e., how permanent the living arrangement appears), affiliations with social organizations, and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc. (citations omitted) *National Artists Management Co., Inc. v. Weaving*, 769 F. Supp. 1224, 1228 (SD NY 1991); *Hassan v. Town of East Hampton*, 500 F. Supp. 1034, 1042 (ED NY 1980)

Once again, Shiboleth submits no evidence. And, in any event, adequate domicile-venue discovery[8] would be a required pre-requisite to any adjudication on these subjects.

Finally, opposing counsel refers to certain irrelevant comments made in the Southern District regarding supposed incidents of alleged "delay" (albeit without hint of prejudice) -- and particularly, when Defendants themselves have sought delay throughout. Most respectfully, venue is to be controlled by the requirements of the law[9] -- and not by Defendants' erroneous interpretations of the non-effect of a prior judge's dismissal **without prejudice**[10].

Accordingly, the Plaintiff respectfully reiterates that the Defendants in seeking again to violate Due Process have submitted no evidence of any kind, and certainly no evidence that would demonstrate: (i) failure of service of process, (ii) lack of venue before this Court, (iii) lack of an underlying attorney-client relationship, or (iv) running of the relevant statute of limitations. Accordingly, and as yet further dilatory tactics would be additionally improper, Defendants should be called upon (finally) to plead.

Respectfully submitted,

RM Ward

Robert M. Ward

---

8 *Oppenheimer Fund, Inc. v. Sanders*, 437 US 340, 351 n.13 (1978) ["For example, where issues arise as to…venue, discovery is available to ascertain the facts bearing on such issues."]

9 Respectfully to correct counsel, when no Record has been taken, it is improper to importune the Court by "interpreting" what the Court supposedly said -- or did not say -- or supposedly "meant". See 28 U.S.C. § 753(b) ("Each session of the court… shall be recorded verbatim...."). Simply stated, a pre-trial conference without a Record is "a nullity". *Sanders v. Union Pacific Railroad Company*, 193 F. 3d 1080, 1083 (9th Cir.1999).

10 and whether or not as authorized by a "non-dispositive" letter-motion brought via LCR 7.1(d).