# Manuel & Associates, LLP   ATTORNEYS AT LAW

One Penn Plaza • Suite 2527 • New York, New York 10119
T: 212.792.0044 • F: 212.792.0043

August 25, 2014

Charles B. Manuel, Jr.
C: 917.699.9559
cbm@manuel-law.net

Hon. Roslynn R. Mauskopf
Hon. Joan M. Azrack
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
*By ECF*

**Luv N' Care, Ltd. and Admar Int'l, Inc. v. Shiboleth LLP, et al.**
13-CV-04720 (RRM)(JMA)

Dear Judge Mauskopf and Judge Azrack:

I write on behalf of Defendants Shiboleth LLP, Amnon Shiboleth, Oren Heiman, Rochelle Weisburg, and myself.  For the reasons set forth below, we respectfully request that the Court strike Plaintiffs' August 15, 2014 submission in its entirety (Dkt. Nos. 32-35) and add this latest affront to the almost endless, appalling list of grounds for dismissal of the action with prejudice.

Here is how their latest scam works:  Instead of recognizing my July 25, 2014 letter for what it is – a three-page *pre-motion letter* which should be answered with a three-page response in accordance with this Court's rules and Judge Azrack's instructions – Plaintiffs concoct the pure fabrication that I filed a *letter-motion*, to which they now respond with 20+ pages of material in a last-ditch attempt to salvage this abomination of a "case" and to avoid sanctions.[1]

Contrary to what Plaintiffs claim throughout the August 15 letter, we did *not* submit a "letter-motion"; we submitted a pre-motion letter. On May 28, 2014, Judge Mauskopf ordered the parties to appear for an initial conference with Magistrate Judge Azrack.  As set forth in that same order, "Within fourteen days after the initial conference with the Magistrate Judge, and if appropriate and necessary, *the parties shall re-file any pre-motion conference requests*, limited to a three-page letter cogently setting forth the legal and/or factual bases for the relief sought."

At the initial conference held on July 7, 2014, this is exactly what Judge Azrck ordered: "The conference concluded with Judge Azrack's Order that Defendants file a *pre-motion letter* to the Court by July 25, 2014, and that Plaintiffs file a response by August 15, 2014." (Manuel Pre-Motion Letter, dated July 25, 2014; Dkt. No. 31; emphasis added.)

---

[1] In response to our three-page pre-motion letter, Judge Azrack Ordered Plaintiffs to file a three-page response. There was no permission by the Court to file *three* declarations together with an over-long response letter -- yet another example of Plaintiffs flouting orders of the Court.

Such pre-motion letters are consistent with Judge Mauskopf's Individual Practice Rules, which require the movant first to send a *letter* to the Court, not to exceed three pages, requesting a conference, with a brief description of the grounds for such motion. (Judge Mauskopf's Individual Practice Rules at III(A)(2); emphasis in original.)  In compliance with these Orders, we filed a pre-motion letter on July 25, 2014.  As I state on page 2, "Our proposed motion is as follows."  As I conclude the letter, "Our motion will be accompanied by a full statement of fees and expenses."[2]

Plaintiff argues that our "letter-motion" is improper and in violation Local Rule 7.1(d).  This is incorrect.  Plaintiffs simply ignore the May 15, 2014 Order of Judge Mauskopf, the Order by Judge Azrack during the July 7, 2014 initial conference, and the Individual Practice Rules of Judge Mauskopf, which all require pre-motion letters and which we specifically identified our letter to be.  Their disregard of two Court orders and of the Court's rules can only be one of two things: (a) a deliberate flouting of the orders and rules to allow Plaintiffs to slip in a 20-page response, or (b) the latest in the most grotesque series of reckless rule violations that the undersigned has ever witnessed.  Either way, the latest stumble merits placement near the top of the towering list of sanctionable actions by these Plaintiffs and their counsel.[3]

How many times must we have to address Plaintiffs' willful – or conceivably mindless – disregard for the orders and rules of the Court?  How many state and federal court judges will need to cite the substantive and procedural reasons why this non-actionable, time-barred case should be dismissed?  Which judge is going to inform Plaintiffs' lead counsel – who was finally admitted *pro hac vice* on his fourth attempt in the Southern and Eastern Districts (notwithstanding the imposition of a $200,000 sanction against him in another case, which he is now appealing) – that he should please leave this town (or at least its courts) once and for all after he deposits his share of the sanctions with the clerk of court?

LNC's submission is yet one more reason why the case should be dismissed with prejudice, with sanctions levied against both LNC and its counsel, including every dollar of legal fees and expenses, to be trebled as a punitive sanction.

                                          Respectfully yours,
                                *Charles B. Manuel, Jr.*
                                  Charles B. Manuel, Jr.

Cc:    Anthony H. Handal
        Robert Ward
        *By Email*+

---

[2] Certainly we believe grounds already exist to dismiss this case without the need for motions.  Nevertheless, our July 25, 2014 letter requested permission to file a motion, it was not a "letter-motion" to dismiss the case.

[3] Such willful disregard for the Court's orders carries on the heels of the ruling the Southern District of New York where The Honorable Kevin P. Castel dismissed Plaintiff's complaint and denied their motion to vacate after their repeated failure to follow the Court's orders.