# HANDAL & MOROFSKY LLC
### COUNSELLORS AT LAW

PLEASE REPLY TO:
FAIRFIELD OFFICE

June 22, 2015

Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
By ECF

*Luv N' Care, Ltd. et al. v. Manuel, Shiboleth LLP, et al.* -- 1:13-cv-04720 (RRM)(LB)

Re: Entry of Default

Your Honor:

The Plaintiffs wish to request Entry of Default pursuant to the provisions of Rule 55 Fed. R. Civ. P., and in particular:

**Rule 55. Default: Default Judgment**

(a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Nonetheless, and in an abundance of caution, the Plaintiffs do respectfully request the guidance of the Court. Specifically, a Notice to the Clerk for Entry of Default might be considered as a "dispositive motion". Accordingly, this letter would respectfully request any pre-motion conference that the Court may require, pursuant to the provisions of the Court's Individual Rule III(a)(2).

The grounds for such request for Entry of Default are that the Defendants have not answered or otherwise pleaded, as mandated by Rule 12(a)(1)(A)(i) Fed. R. Civ. P.

Moreover, on April 15, 2015, the Court ordered the Defendants to serve and then to file their requested motion(s) sole respecting improper venue under Rule 12 FRCP, as follows:

> SCHEDULING ORDER: Defendants' letter request to file a motion (Doc. No. 31 ) is granted solely as to the question of dismissal or transfer for improper venue. Defendants

WRITER'S DIRECT DIAL: 917 880-0811
FAX: 203 610 8102
email:  handal@HandalGlobal.com                    website: www.HandalGlobal.com

501 KINGS HIGHWAY EAST, FAIRFIELD, CONNECTICUT 06825 ⁕ 420 Lexington Avenue, NEW YORK, NY 10170
Connecticut                                        New York                                        California

shall serve their motion papers on or before April 27, 2015; plaintiffs shall serve their opposition papers on or before May 7, 2015; and the fully-briefed motion, together with defendants' reply, if any, shall be served and filed by May 12, 2015. Ordered by Judge Roslynn R. Mauskopf on 4/15/2015. (Karmel, Dan) (Entered: 04/15/2015)

Inasmuch as the Shiboleth Defendants:

    (a) have not pleaded -- as required by Rule 12(a)(1)(A)(i) Fed. R. Civ. P.--

        and

    (b) have not served and/or filed such motion(s) -- as ordered by the Court --

the Shiboleth Defendants are thus in default.

    Yet further, it is appropriate that default on liability be entered, because there is no substantive defense that has ever been raised by the defendants. Shiboleth's planned venue motion was a meritless dilatory move. Specifically, the Shiboleth et al. Defendants have argued that supposedly Mr. Shiboleth does not reside at his home in West Hampton Beach (i.e., within the EDNY). However, Luv n' Care has filed a motion to join Attorney Morris E. Cohen, who unquestionably does reside in Brooklyn, and thus within the venue of this Court. Ironically, Shiboleth et al. had previously argued that the case should be dismissed because Mr. Cohen had not been joined, thus evidencing Shiboleth's willingness to argue inconsistently.

    Finally, default on liability should be entered because this is an open-and-shut case of malpractice. In the underlying case, Shiboleth et al. did not serve Luv n' Care's discovery requests in time to require responses, and thus Luv n' Care was deprived of evidence of the full scope of the "accused sales" that were the basis of its claim – and, hence, this malpractice resulted in several millions of dollars of damage to Luv n' Care.

    Furthermore, and in aggravation, Shiboleth et al. then fraudulently concealed its malpractice from Luv n' Care. Plaintiff's motion will be accompanied by a dispositive evidentiary showing on the issue of liability based on the uncontested documentary record of communications between the parties and the proceedings before the court, leaving open only the question of damages for trial.

    Wherefore, such relief as the Court may deem just is respectfully requested.

                                   Respectfully submitted,

                                     Anthony H. Handal