UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC.,<br><br>   Plaintiffs<br><br>v.<br><br>SHIBOLETH, LLP, and its members and of counsel, AMNON SHIBOLETH, OREN HEIMAN, CHARLES B. MANUEL, and ROCHELLE R. WEISBURG, and DOES 1-10,<br><br>   Defendants. | Case No. 1:13-cv-04720-RRM- JM<br><br>Jury Trial Demanded |

## **DECLARATION OF NOURI EDWARD HAKIM**

1. I, Nouri Edward Hakim, make this Declaration in support of Plaintiffs' response to the Motion to Dismiss of the Shiboleth *et al*. Defendants.

2. There has been no unfairness to Attorney Morris E. Cohen in joining him as a party defendant, because Mr. Cohen at all times knew that a lawsuit for malpractice could be brought against him.

3. In summary, on or about March 17, 2013, Mr. Cohen <u>for the first time</u> advised Luv n' care that: (a) he (Mr. Cohen), Shiboleth LLP and other attorneys at the Shiboleth law firm had failed to file on a timely basis either (i) Interrogatories, or (ii) Requests for Production, to seek defined and documentary sales information on the sales of the accused products in question in the Walgreens case; and that thus (b) the only available data regarding the accused infringing sales were those numbers that had been obtained orally at the deposition of a witness for the accused infringer Walgreens, which abbreviated and truncated sales figures were just a fraction of the actual, total sales in question of the accused products.

4. Specifically, this previously concealed information was uncovered on the evening of March 17, 2013, when Mr. Joe D. Guerriero (Luv n' care's in-house General Counsel) and I had come to New York City at Mr. Cohen's request to testify at a March 18, 2013 hearing in a state court law suit brought against him by the Shiboleth law firm -- and to which Luv n' care was not a party and had had no prior knowledge.

5. Up until that time, it had been represented by Mr. Cohen that the error and/or omission by Shiboleth was their failure to timely name an expert witness (which in fact they also did fail to do); but however, when we arrived at Mr. Cohen's office the night of March 17, 2013, we learned <u>for the first time</u> that (a) the Shiboleth Law Firm and its "Of Counsel" Attorney Cohen had failed timely to file suitable discovery requests, and thus had not obtained sales figures on <u>all</u> of the accused products, and also that (b) Mr. Cohen had filed a Counterclaim against the Shiboleth law firm -- none of which had been previously known to Mr. Guerriero or to me.

6. At that time, Mr. Cohen <u>for the first time</u> acknowledged that he and Shiboleth had committed the acts accused of malpractice herein, and that he had for several years concealed these acts from Luv n' care. Mr. Cohen further revealed that other attorneys at the Shiboleth law firm, including Attorney Rochelle R. Weisburg, also knew of the events comprising their malpractice, and had likewise concealed this material information from Luv n' care.

7. The effect of Luv n' care's not having said Walgreens sales figures in a timely fashion was to reduce the recoverable damages from Walgreens by about $5-6 million.

I state under penalty of perjury that the foregoing is true and correct.

Executed this 7th day of August, 2015

Nouri Edward Hakim

2