UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LUV N' CARE, LTD. and
ADMAR INTERNATIONAL, INC.,

                Plaintiffs,

  - against -                                   13-CV-4720 (RRM)

SHIBOLETH LLP, and its members and of counsel,
AMNON SHIBOLETH, OREN HEIMAN,
CHARLES B. MANUEL, ROCHELLE R.
WEISBURG, and DOES 1-10,

                Defendants,
------------------------------------------------------------------x


## REPLY MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE


Charles B. Manuel, Jr. [CM3020]
MANUEL & ASSOCIATES, LLP
One Penn Plaza, Suite 2527
New York, New York 10119
T: 212-792-0044
F: 212-563-7108
E: CBM@Manuel-Law.net

Attorneys for Defendants


Daniel S. Goldstein [DG2500]
Shiboleth LLP
Of Counsel

August 19, 2015

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................2

    I.    LNC DOES NOT REBUT THE OVERWHELMING RECORD
THAT AMNON SHIBOLETH'S DOMICILE IS ISRAEL
AND THAT IT IS IN THE INTEREST OF JUSTICE
THAT THIS CASE BE DISMISSED WITH PREJUDICE .........................................2

        A.    There Is No Genuine Issue of Fact Regarding Amnon
Shiboleth's Domicile ................................................................................................2

        B.    If Any Genuine Issue of Fact Exists, the Court Should Hold a
Hearing ......................................................................................................................3

    II.    VENUE IS NOT PROPER IN THIS DISTRICT BASED UPON
PROPOSED DEFENDANT MORRIS COHEN'S DOMICILE ..................................4

        A.    LNC Cannot Base Venue on Cohen, Who is Not a Party ..............................4

        B.    LNC's Dilatory, Specious Motion to Add Cohen Should be
Denied ........................................................................................................................4

            i.    Undue Delay and Dilatory Motive ....................................................5

            ii.    Futility of the Proposed Amendment:
The Statute of Limitations has Expired ...........................................5

    III.    THERE IS NO ATTORNEY CLIENT RELATIONSHIP
BETWEEN SHIBOLETH AND PLAINTIFFS ............................................................7

        A.    Cohen, Not Shiboleth, was Attorney for LNC in the *Walgreen
Action* ........................................................................................................................7

        B.    LNC has Submitted Fraudulent Evidence to the Court ..................................8

        C.    Cohen Is Not A Joint Tortfeasor Whose Interests are United
With Shiboleth ..........................................................................................................9

        D.    LNC's Claim of *Respondeat Superior* is Off Point ........................................11

CONCLUSION ...............................................................................................................................11

## **TABLE OF AUTHORITIES**

### **CASES**

*Blakeslee v. Royal Ins. Co. of Am.*,
    1998 WL 209623 (S.D.N.Y. Apr. 29, 1998) ........................................................................10

*Buran v. Coupal,*
    87 N.Y.2d 173 (1995) .........................................................................................................10

*Carlos v. Lovett & Gould*,
    29 A.D.3d 847 (2d Dep't 2006) ............................................................................................9

*Landow v. Snow Becker Krauss*, P.C.,
    111 A.D.3d 795 (2d Dep't 2013) ..........................................................................................6

*LeBlanc v. Skinner*,
    103 A.D.3d 202 (2d Dep't 2012) ..........................................................................................x

*Lok v. I.N.S.,*
    681 F.2d 107 (2d Cir. 1982) .................................................................................................2

*Shangold v. Walt Disney Co.*,
    No. 03 Civ. 9522, 2006 WL 71672 (S.D.N.Y. Jan. 12, 2006) .............................................9

*St. Stephens Baptist Church, Inc. v. Salzman,*
    37 A.D.3d 589 (2d Dep't 2007) ............................................................................................6

*TradeComet.com LLC v. Google, Inc.,*
    693 F. Supp. 2d 370 (S.D.N.Y.2010) ...................................................................................3

*Tricoche v. Warner Amex Satellite Entm't Co.,*
    48 A.D.3d 671 (2d Dep't 2008) ..........................................................................................11

*Wiest v. Breslaw,*
    01-CV-5663, 2002 WL 413925 (S.D.N.Y. Mar. 15, 2002) ..................................................3

*Zaltz v. JDate,*
    952 F. Supp. 2d 439 (E.D.N.Y. 2013) ..................................................................................3

### **STATUTES**

28 U.S.C. § 1391 ...........................................................................................................................4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
LUV N' CARE, LTD. and
ADMAR INTERNATIONAL, INC.,

                          Plaintiffs,

           - against -                                    13-CV-4720 (RRM)

SHIBOLETH LLP, and its members and of counsel,
AMNON SHIBOLETH, OREN HEIMAN,
CHARLES B. MANUEL, ROCHELLE R.
WEISBURG, and DOES 1-10

                          Defendants.
------------------------------------------------------------------x

**REPLY MEMORANDUM OF LAW IN SUPPORD OF
DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE**

      Defendants Shiboleth LLP, Amnon Shiboleth, Oren Heiman, Charles B. Manuel, Jr. and Rochelle R. Weisburg submit this reply memorandum in further support of their motion to dismiss the action by plaintiffs Luv N' Care, Ltd. and Admar International, Inc. (together, "LNC" or "plaintiffs") for improper venue.

**PRELIMINARY STATEMENT**

      Defendants' motion to dismiss for improper venue is straightforward:

      1. The complaint bases venue solely on the alleged domicile of defendant Amnon Shiboleth in the Eastern District of New York. However, Mr. Shiboleth is a domiciliary of Tel Aviv, Israel, *not* of the Eastern District of New York. Therefore, there is no basis for venue in this Court.

      2. For the host of reasons set forth in defendants' motion papers, it is "in the interest of justice" to dismiss this sham lawsuit.

      LNC does not meaningfully rebut these points in its opposition. Rather, LNC argues that judicial resources "need not be squandered" determining Amnon Shiboleth's domicile (LNC Mem. at 5) because venue is proper based on the domicile of *proposed* defendant Morris

1

Cohen, *who is not a party to this action*. And LNC makes no argument that, in the event venue is improper (which it is), the case should be transferred in the interest of justice rather than dismissed.

In sum, because LNC has failed to refute that Mr. Shiboleth's domicile is in Tel Aviv, Israel (and no other parties to the action are domiciled in the Eastern District), and because LNC has failed to refute that the case should be dismissed with prejudice rather than transferred, this matter should be dismissed for improper venue.

## ARGUMENT

### POINT I

**LNC DOES NOT REBUT THE OVERWHELMING RECORD THAT AMNON SHIBOLETH'S DOMICILE IS ISRAEL AND THAT IT IS IN THE INTEREST OF JUSTICE THAT THIS CASE BE DISMISSED WITH PREJUDICE.**

**A. There Is No Genuine Issue of Fact Regarding Amnon Shiboleth's Domicile.**

Dating from LNC's commencement of this action in August 2013, plaintiffs have pleaded and argued to the Court that venue lies in the Eastern District based upon the alleged domicile of defendant Amnon Shiboleth in this District. (*See, e.g.*, Complaint ¶¶ 5, 13; Amended Complaint ¶¶ 5, 13; LNC letter to Court dated Aug. 15, 2014 [Dkt. No. 32.].) Defendants' motion papers show unequivocally that plaintiffs are mistaken.

In his declaration in support of this motion, Mr. Shiboleth lays out detailed facts supported by documentary evidence demonstrating that he is domiciled in Israel, not the Eastern District of New York. LNC offers zero evidence and no meaningful argument in rebuttal. In fact, LNC dedicates only a single paragraph of legal argument to Mr. Shiboleth's domicile, citing an immigration case, *Lok v. I.N.S.*, 681 F.2d 107, 109 (2d Cir. 1982), in which an illegal alien petitioned the Board of Immigration Appeals for relief from deportation. (LNC Mem. at 4-5.) *Lok,* which pertains to an appeal of a deportation order by an illegal alien who had lived continuously in this country for 23 years, is not applicable to the present case.

Following plaintiffs' feeble attempt to rebut the law and facts regarding Mr. Shiboleth's domicile, a white flag emerges from LNC's papers: "But, however, the judicial resource need not be squandered on *Shiboleth's* attempt to burden the Court with complexity and irrelevancy, *and thus Luv n' Care does not engage*." (LNC Mem. at 5; emphasis added.)  In short, LNC simply decides not to engage any further in opposing this venue motion, and simultaneously accuses Shiboleth of "burden[ing] the Court" -- as if it were Mr. Shiboleth who has squandered judicial resources and burdened the court for the last two years by defending himself.  To the contrary, by commencing this frivolous action in an improper forum, and then abandoning the venue argument it has held for two full years, LNC has only itself to blame for squandering judicial resources and burdening the Court with complexity and irrelevancy.

### B.  **If Any Genuine Issue of Fact Exists, the Court Should Hold a Hearing.**

LNC then argues, without citing any law, that domicile cannot be proved by affidavits. That is incorrect.  As set forth in defendants' opening memorandum of law, in determining domicile for venue purposes, the court should focus on the intent of the party, and declarations of intent by the person whose domicile is in question are given heavy weight.  *Wiest v. Breslaw*, 01-CV-5663, 2002 WL 413925, at *3 (S.D.N.Y. Mar. 15, 2002).

Plaintiffs go a step further, however, asserting that everything they have pleaded on venue must be accepted as true. That is also incorrect. The Court can consider facts outside the pleadings on a Rule 12(b)(3) motion. *Zaltz v. JDate*, 952 F. Supp. 2d 439, 447-48 (E.D.N.Y. 2013); *TradeComet.com LLC v. Google, Inc.*, 693 F. Supp. 2d 370, 375 n.3 (S.D.N.Y. 2010). But an evidentiary hearing should be held if there are genuine issues of material fact:

> If there are disputed facts relevant to the venue determination, it may be appropriate for the district court to hold an evidentiary hearing, where the plaintiff must demonstrate venue by a preponderance of the evidence, before resolving the Rule 12(b)(3) motion. *See New Moon Shipping Co., Ltd. v. MAN B&W Diesel AG*, 121 F.3d 24, 29 (2d Cir.1997) ("A disputed fact may be resolved in a manner adverse to the plaintiff only after an evidentiary hearing ... no disputed fact should be resolved against [the resisting] party until it has had an opportunity to be heard.")

3

While we have serious doubt that plaintiffs have raised a genuine issue of material fact with respect to any issue on this motion, we nevertheless propose to address the matter with caution, guided by the Second Circuit's decision in *New Moon Shipping*, and to ask this Court to hold an evidentiary hearing on this motion.

## POINT II

### VENUE IS NOT PROPER IN THIS DISTRICT BASED UPON PROPOSED DEFENDANT MORRIS COHEN'S DOMICILE.

After surrendering on Mr. Shiboleth's domicile, LNC argues for the first time that venue in this district is based upon the domicile of a *proposed* defendant, Morris Cohen. This argument is unsupported by law and based, yet again, upon factual misrepresentation to the Court by LNC. Typically, LNC only moved to add Cohen as defendant: (i) zero business days before Defendants' scheduled filing date on its venue motion, (ii) 23 months after its first complaint against Shiboleth LLP in the U.S. District Court for the Southern District of New York, and (iii) nearly six years after the expiration of the statute of limitations (see Point III.B. *infra*). Like every tactical ploy adopted by LNC, the years-too-late lawsuit against nephew Morris Cohen fails.

A. **LNC Cannot Base Venue on Cohen, Who is Not a Party.**

Under the venue statute, venue lies in a judicial district in which any "*defendant*" resides -- not where any *proposed* defendant resides.  28 U.S.C. § 1391.  Cohen is not a party to this action.  There is no statutory basis for venue to lie in this Court based upon the domicile of a proposed defendant.  Simply put, Morris Cohen is a non-party, and venue cannot be based on the domicile of a non-party.

B. **LNC's Dilatory, Specious Motion to Add Cohen Should Be Denied.**

It is obvious that LNC now attempts to add nephew Morris Cohen as a defendant as a tactic to place venue in this Court, directly in response to the Court's April 15, 2015 Scheduling Order which granted Defendants' request to move to dismiss for improper venue. LNC

4

requested leave to move to amend its pleading to add Cohen on Saturday, April 25, 2015, zero business days before the motion's originally scheduled filing on Monday, April 27th.

Although the issue is not before the Court on this motion, any motion by LNC to amend the pleadings to add Cohen as a defendant should be denied. It is no small irony that the best authority for denial of LNC's proposed motion is the rejection of the motion to amend in the *Walgreen Action*. As stated by Judge Chin in the *Walgreen Action* in deciding a motion to amend by LNC – directly on point here – "leave to amend may be denied for good reason, including undue delay, bad faith, dilatory motive, prejudice to the opposing party, or the futility of the proposed amendment." *Luv N' Care Ltd. v. Walgreen Co.*, No. 08 Civ. 4457, 2010 WL 396094, at *1-2 (S.D.N.Y. Feb. 4, 2010). All of these factors, which precluded amendment in that case, are present in this case as well.

1. **Undue Delay and Dilatory Motive**

Plaintiffs admit that Cohen is the nephew of LNC's President and Owner, Nouri "Eddie" Hakim, who has filed a declaration in opposition to this motion. The Law Offices of Morris E. Cohen P.C. represented LNC in the underlying *Walgreen Action.* LNC is suing the Shiboleth Defendants herein for purported malpractice in the *Walgreen Action.*

LNC's pretextual attempt to now add its nephew Cohen as a Defendant comes five years after the *Walgreen Action* settled, and explained below, over six years after the alleged malpractice occurred. It is clearly unduly delayed, brought with a dilatory and pretextual motive, and as set forth below, completely futile as the statute of limitations expired many years ago.

2. **Futility of the Proposed Amendment: The Statute of Limitations Has Expired.**

In its motion, LNC claims that (i) it did not learn of the alleged malpractice until March 17, 2013, and that (ii) the statute of limitations began running from discovery of the malpractice. This argument is legally irrelevant and contradicts numerous statements made by LNC and its representatives.

5

From a legal point, there is no "discovery" rule with regard to legal malpractice. The statute starts to run at the time of malpractice. *St. Stephens Baptist Church, Inc. v. Salzman*, 37 A.D.3d 589, 590 (2d Dep't 2007) ("A cause of action to recover damages for legal malpractice accrues on the date the alleged malpractice was committed, *not when it was discovered.*") (citations omitted; emphasis added); *see also Landow v. Snow Becker Krauss*, P.C., 111 A.D.3d 795, 796, (2d Dep't 2013) ("Although the plaintiff did not discover that his attorneys' alleged advice was incorrect until years later, what is important is when the malpractice was committed, not when the client discovered it. Therefore, since the defendants demonstrated that the plaintiff did not commence this action until December 29, 2011, more than three years after his claim for legal malpractice accrued, the defendants established, prima facie, that the claim was time-barred.") (quotations and citations omitted).

Thus, with the alleged malpractice having occurred on May 1, 2009, the statute of limitations for purported malpractice expired against Cohen (and all other defendants) on May 1, 2012, three years after the alleged malpractice.[1]

In addition to being legally irrelevant, LNC's claim that it was not until **March 17, 2013** that they first learned that interrogatories and discovery demands were not filed on a timely basis in the *Walgreen Action*, which is the basis for the malpractice claim in this lawsuit, is knowingly and demonstrably false. (LNC Mem. at 8, Hakim Decl. ¶ 2.) In June 2009, LNC, in its memorandum of law opposing defendants' motion for summary judgement in the *Walgreen Action*, specifically briefed the issue as to the appropriateness of its discovery requests (Ex. 1).[2] Later, on February 2010, Judge Chin, in denying LNC's motion to transfer venue, cited LNC's

---

[1] In limited circumstances, the continuing representation doctrine tolls the limitations period where continued representation by the attorney pertains to the same matter in which the alleged malpractice occurred. *Landow, at* 797. In this case, there was *no* representation by Shiboleth of LNC *at all* in the *Walgreen Action*, let alone no "continuing representation." (See Point III.) Further, even if, *arguendo*, the continuing representation doctrine applied to Cohen, then even under the most generous application, the statute of limitations expired two years ago on October 6, 2013, three years after the *Walgreen Action* was settled and dismissed on October 6, 2010.

[2] Exhibits referenced herein are attached to the accompanying Reply Declaration of Charles B. Manuel, Jr. ("Manuel Reply Decl.")

6

bad faith and dilatory motive in bringing such motion, *citing specifically to LNC's failure to meet Court imposed discovery deadlines of May 1, 2009 – over six years ago*. (Ex. 2). Less than one week later, Joe Guerriero, general counsel for LNC, sent a letter to Shiboleth, which served as LNC's "formal demand for you to notify your legal malpractice carrier." (Ex. 3). The letter, which had CC's to LNC executives Eddie Hakim and Joseph Hakim, was dated February 8, 2010. Further, Guerriero testified in the *New York County Action* that he was personally involved in the *Walgreen Action* and after learning of Judge Chin's decision, wrote a letter to Shiboleth telling them about Judge Chin's decision and the effect it had on LNC.  (Ex. 4.)  LNC and Hakim's statements to this Court, that they had not learned until March 2013 that discovery demands had not been timely filed, are perjurious.

Finally, while Plaintiffs now claim that the statute of limitations does not expire until March 2016, they have pleaded and previously argued to this Court that October 6, 2013 is the end of the limitations period.  (*See* LNC Complaint and Amended Complaint ¶ 36, LNC letter to Court dated Aug. 15, 2014 [Dkt. No. 32.].)

## POINT III

### THERE WAS NO ATTORNEY CLIENT RELATIONSHIP BETWEEN SHIBOLETH AND PLAINTIFFS.

**A.  Cohen, Not Shiboleth, Was the Attorney for LNC in the *Walgreen Action.***

As set forth in detail in defendants' opening papers on this motion, citing the entire record from the *Walgreen Action*, LNC was represented by the Law Office of Morris E. Cohen P.C., and from mid-2009 by his firms Pearl Cohen and Goldberg Cohen. LNC's naked assertion that it was represented by Shiboleth and not by Cohen is completely false. There was no engagement letter between LNC and Shiboleth; there was not a single invoice sent by Shiboleth to LNC, nor a single payment made from LNC to Shiboleth.  (Manuel Decl. ¶ 25.)  Shiboleth never filed a notice of appearance in the *Walgreen Action*, and while every pleading and every

7

filing on behalf of LNC in the *Walgreen Action* identifies Cohen as counsel for LNC, not a single filing identifies Shiboleth LLP as counsel for LNC. (Manuel Decl. ¶¶ 13-14.)

In fact, Cohen admitted in the *Walgreen Action* that it was his firm, the Law Office of Morris E. Cohen P.C., and not Shiboleth LLP, that represented LNC. As stated by Cohen:

> My firm is a very small one…. I have also been using the services of Ms. Weisburg (from the firm in which I sublet space) as of counsel for litigation support, although her legal background and experience is not in intellectual property law. I have also occasionally been able to use the services of a young associate in that firm when he is available…

(Ex. 5 at 3.) Mr. Cohen's statements, as well as every pleading in the *Walgreen Action*, make it inescapably clear that LNC was represented by Cohen and not Shiboleth.

### B. LNC Has Submitted Fraudulent Evidence to the Court.

To bolster its false claim, LNC points the court to certain invoices "on Shiboleth's letterhead that specifically refer to work done by Shiboleth lawyers." (LNC Mem. at 2.) The invoices are those appended to the declaration of Joe Guerriero, the general counsel for LNC. Per Mr. Guerriero, these invoices were sent from Shiboleth to Morris Cohen, not to LNC, and until "recently" neither Guerriero nor anyone else at LNC had ever seen the Shiboleth invoices. (Manuel Decl. ¶ 36; Ex. 6 ¶ 9.) Not only were the invoices addressed to "Law Office of Morris Cohen P.C.," but they also contain entries for monthly rent related to Cohen's rental of Shiboleth office space. These are Shiboleth's bills to its tenant, Morris Cohen, not to LNC. Our opening papers demonstrate unequivocally that these invoices are a fraud upon the Court:

- The invoices are not on Shiboleth LLP letterhead.
- The invoices do not contain Shiboleth LLP client numbers, file numbers, or invoice numbers.
- The invoices do not contain Shiboleth LLP's address or wiring instructions for payment, even though they are stamped "Paid."
- The invoices contain "Account Numbers" which are not Shiboleth account numbers.
- Shiboleth billed Cohen's law firm on his firm's account with Shiboleth, and never billed LNC.
- Given the copious amounts of blank space on these invoices, it is clear that Cohen sent his own invoices to LNC, and LNC fraudulently submitted such invoices to the Court, whited out the name of Cohen's firm, and falsely represented that such invoices were issued from Shiboleth.

8

In our opening papers on this motion, defendants have accused LNC of falsifying evidence, and committing an outright fraud on the Court, which itself warrants dismissal of the action with prejudice and the imposition of legal fees and other monetary sanctions. Notably, LNC made no effort to address this point in their opposition. Such silence speaks volumes. The falsification of evidence and fraud on the Court is made all the worse here, where the falsified documents are a purported centerpiece of LNC's opposition to the motion. LNC's attempts to create a fraudulent paper trail should not be tolerated. *See Shangold v. Walt Disney Co.*, No. 03 Civ. 9522, 2006 WL 71672, at *5 (S.D.N.Y. Jan. 12, 2006) (dismissing action and awarding attorneys' fees where plaintiff fabricated evidence and manipulated the judicial process).

LNC, admitting that the Shiboleth invoices were in fact sent to Cohen, claims that LNC was the true client, and cites outdated and out-of-circuit case law for the general proposition that a professional relationship is not dependent upon payment of fees. This falls far short of proving that such a relationship actually existed. Even ignoring the factual evidence to the contrary, LNC's unsupported assertion that there was an attorney-client relationship with Shiboleth is insufficient to create one. *See Carlos v. Lovett & Gould*, 29 A.D.3d 847, 849 (2d Dep't 2006).

### C. Cohen Is Not a Joint Tortfeasor Whose Interests Are United with Shiboleth.

Recognizing the clear bar on adding Cohen as a defendant more than six years after the underlying malpractice occurred, LNC seeks to claim that, as a joint tortfeasor, the statute of limitations is tolled as against him since he is united in interest with Shiboleth.[3] LNC cites no case law for this proposition, and in fact, the opposite is true: Cohen is not united in interest with Shiboleth and the statute of limitations is not tolled.

It is difficult to contemplate a more adversarial position than that between Morris Cohen and Shiboleth, as demonstrated by Cohen in the *New York County Action*. Cohen made a

---

[3] Of course, the statute of limitations has also run against Shiboleth, as, even if *arguendo*, the usage by Cohen of junior Shiboleth attorneys created some tenuous connection between LNC and Shiboleth (it did not), Cohen left the Law Office of Morris Cohen, joining a new law firm, Pearl Cohen, and ceased utilizing the services of Rochelle Weisberg in August 2009, four years prior to the filing of this action.

series of false accusations to sustain a sham malpractice claim against Shiboleth – the same sham claim asserted by LNC here – and those claims were dismissed in no uncertain terms by Justice Wooten. Morris Cohen and Shiboleth are bitter adversaries and are in dispute on every conceivable issue. And Shiboleth would show in this case – if, heaven forbid, it ever goes forward – that any purported malpractice was solely that of Cohen. *See LeBlanc v. Skinner*, 103 A.D.3d 202, 210 (2d Dep't 2012) ("[J]oint tortfeasors are generally not united in interest, since they frequently have different defenses, in that one tortfeasor usually will seek to show that he or she is not at fault, but that it was the other tortfeasor who is liable.").

In its opposition, LNC cites *Buran v. Coupal*, 87 N.Y.2d 173 (1995), which sets forth the conditions that must be satisfied for claims against one defendant to relate back to those asserted against another, including that any delay in adding the additional defendant was simply a mistake. The Court in *Buran* held that, "[w]hen a plaintiff intentionally decides not to assert a claim against a party known to be potentially liable, there has been no mistake." *Id.* at 181.

Here there has been no mistake. LNC has openly alleged for the first time in its opposition papers that Cohen informed LNC of his malpractice, and subsequent concealment, in March 2013. (Hakim Decl. ¶ 3.)[4] LNC then filed a complaint in August 2013, amended it in November 2013, and only sought to add Cohen as a party nearly two years after the initial complaint was filed, and over two years after Cohen supposedly confessed to his malpractice and cover-up. The decision to add Cohen at this stage is a calculated one, and therefore cannot salvage the time-barred claim. *See Buran*, 87 N.Y.2d at 181; *see also Blakeslee v. Royal Ins. Co. of Am.,* 1998 WL 209623 *6 (S.D.N.Y. Apr. 29, 1998) ("[C]ourts should focus on whether the party invoking the relation back doctrine acted intentionally or in bad faith in not including all the appropriate parties in the original pleading.").

Therefore, upon being added as a party, Cohen would certainly move to dismiss on the basis that the claim against him is time-barred. *See Tricoche v. Warner Amex Satellite Entm't*

---

[4] We do not accept this statement as true, but simply cite it here to rebut the relation-back argument.

10

*Co.*, 48 A.D.3d 671 (2d Dep't 2008) (dismissing amended complaint seeking to add new defendants where claims against new defendants were time barred, as new defendants were not united in interest with defendants in original complaint).

### D. *LNC's Claim of Respondeat Superior* Is Off Point

LNC's claim of *respondeat superior* does not bear on this motion. Cohen did not work for, or appear on behalf of, Shiboleth in the *Walgreen* Action; he appeared for the Law Office of Morris E. Cohen P.C. As stated by Cohen to Judge Chin (Ex. 5):

> My firm is a very small one…. I have also been using the services of Ms. Weisburg (from the firm in which I sublet space) as of counsel for litigation support, although her legal background and experience is not in intellectual property law. I have also occasionally been able to use the services of a young associate in that firm when he is available….

The "*superior*" in the *Walgreen Action* was Cohen, not Shiboleth; he reported to himself.

## CONCLUSION

The Court should dismiss the complaint with prejudice.

Dated: New York, New York
August 19, 2015

Respectfully submitted,

*Charles B. Manuel, Jr.*

Charles B. Manuel, Jr.
MANUEL & ASSOCIATES, LLP
One Penn Plaza, Suite 2527
New York, New York 10119
T: 212-792-0044
F: 212-563-7108
E: CBM@Manuel-Law.net

Attorney for Defendants

11