UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC.,

    Plaintiffs

v.

SHIBOLETH, LLP, and its members and of counsel, AMNON SHIBOLETH, OREN HEIMAN, CHARLES B. MANUEL, and ROCHELLE R. WEISBURG, and DOES 1-10,

    Defendants.

Case No. 1:13-cv-04720-RRM- JM

Jury Trial Demanded

## DECLARATION OF JOE D. GUERRIERO

1. I, Joe D. Guerriero, make this Declaration to correct certain false statements contained in the Reply Brief of Shiboleth regarding Shiboleth's pending motion to dismiss, wherein Attorney Manuel and the other Shiboleth defendants accuse me of (i) perjury, and (ii) fabricating evidence. (See Doc. 53; filed 8/19/2015) and also to correct an erroneous date set forth in an earlier Declaration. Other than inadvertently stating a wrong date, the explanation of which is explained hereinafter, I resolutely deny that I have ever done so and am appalled that he made such allegations.

2. I am General Counsel of the Plaintiff Luv n' care and have practiced law for more than 53 years.

3. I have previously averred that until the evening of March 17, 2013, I was unaware that evidence of sales had been excluded in Luv n' care's case against Walgreen's that would materially limit the amount of damages that could be recovered by Luv n' care against Walgreen's; however, upon further checking, it was discovered that while the year is correct, that he and N. Edward Hakim made two trips to New York in early 2013 for the Shiboleth/Cohen case, and that when I asked my paralegal

for the first trip date, she inadvertently furnished me with the second trip date instead of the first trip date. I declare therefore that the correct date of my and N. Edward first learning of the failure to disclose the missing Walgreen sales figures occurred on February 25th, 2013, instead of the March 17, 2013, all of which is reflected by the affidavit of Tara Ambrose, my paralegal, which is attached hereto as "Exhibit "A" and made a part hereof as though written herein in full. I further suggest that the important point is that the first time that N. Edward Hakim or I learned of the missing sales figures was in **early 2013**, namely February 25, 2013, and that the three week difference previously stated is of no legal effect on the issues of this case regarding said knowledge. I further note that said information had been concealed from me by Shiboleth and by its two "Of Counsel" attorneys Morris Cohen and Rochelle Weisburg until the aforesaid date of February 25th, 2013, and further adding, I point out that Morris Cohen also concealed the contents of his counter-claim he filed against Shiboleth, which said contents were not revealed to either N. Edward Hakim or myself until February 25, 2013.

4. Shiboleth attaches three (3) documents to its Reply Brief that it argues supposed "prove" perjury. I need to direct the attention to the fact that none of these documents do so because no perjury occurred. The documents do not contain any statement that the Walgreen's court had excluded evidence of sales that would limit the amount of damages that Luv n' care could recover in the Walgreen's case.

5. Specifically, Shiboleth cites to a brief from the Walgreen's case dated June 29, 2009 (See Exhibit 1; Doc. 52-1; filed 8/19/2015), that generally refers to the failure to propound written discovery requests in time to receive responses; however, I was not counsel of record in the Walgreen's case, and to the best of my knowledge I have never seen the June 29, 2009 brief; moreover, to my knowledge no one else has at Luv n' care, but even if this Brief was sent by Shiboleth, Ms. Weisburg and/or Mr. Cohen, I didn't read it, and I further point out that the most important aspect is that the brief does **not reveal or even mention the critical element** of the malpractice accused of in this case – i.e., that **evidence had**

**been excluded that referred to sales of the accused products which would limit the amount of the damages that Luv n' care could recover against Walgreen's.**

6. Secondly, Shiboleth refers to Judge Chin's Order denying the motion to transfer (See Exhibit 2; Doc. 52-2; filed 8/19/2015), but I point out that this Order likewise does not reveal that **evidence of any sales of Walgreen's had been excluded that would limit the amount of the damages that Luv n' care could recover against Walgreen's**.

7. Thirdly, Shiboleth refers to my letter dated February 8, 2010 placing Shiboleth on notice of an incident of malpractice -- but that letter does **not refer** to the exclusion of any evidence on damages of their failure to obtain all of the Walgreen sales as constituting the malpractice complained of therein. (See Exhibit 3; Doc. 52-3; filed 8/19/2015). Instead, said letter complains only of the failure to identify our expert witnesses on a timely basis as that was the only known mistake I was aware of at that time. I further states that no one had ever disclosed that all the sales figures had not been obtained due to any failure to timely request them until N. Edward Hakim and I were informed for the first time of that knowledge on February 25th, 2013 in New York in Morris Cohen's office the night before the first day of his trial with Shiboleth. Had I known in February 2010 about the missing sales figures which had not been obtained due to Shiboleth's failure to timely request them when the February 8th letter was sent to Shiboleth, then that certainly would have been the primary target of my aforesaid February 8, 2010 letter, as the failure to obtain all of Walgreen's sales figures was far more damaging than the loss of the expert witness. Upon receipt of the February 8th, 2010 letter, Shiboleth did not comment on any return correspondence to me about the sales figures loss, and therefore continued to conceal the most damaging element(s) of its malpractice – namely that **evidence had been excluded that would limit the amount of the damages that Luv n' care could recover against Walgreen's.**

8. Shiboleth also accuses me of fabricating evidence and I not only resent those patently false accusations, but I wish that judicial statements were not exempt from libel suits as I would certainly file

one against their Firm and the author of their Brief. Shiboleth's libelous remarks naturally have no way to justify their false accusations as nothing of the kind occurred; moreover as relates to any invoices in question, I had Luv n'care's accounting department pull the invoices from Shiboleth and had them sent to attorney Robert Ward for use in the instant proceedings and I did not change anything on said documents before they were sent.

I state under penalty of perjury that the foregoing is true and correct.

Executed this 21st day of August, 2015

*Joe D. Guerriero*

Joe D. Guerriero

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUV N' CARE, LTD. and ADMAR INTERNATIONAL, INC.,

    Plaintiffs

v.

SHIBOLETH, LLP, and its members and of counsel, AMNON SHIBOLETH, OREN HEIMAN, CHARLES B. MANUEL, and ROCHELLE R. WEISBURG, and DOES 1-10,

    Defendants.

Case No. 1:13-cv-04720-RRM- JM

Jury Trial Demanded

## AFFIDAVIT OF TARA AMBROSE

Personally came and appear before me notary and the undersigned two witnesses, Tara Ambrose, who, after being duly sworn, did depose and state that she has worked as the paralegal for attorney Joe D. Guerriero for over the last eight years, and that she was asked by Mr. Guerriero to give him the first time that he and N. Edward Hakim went to New York city for the trial between the Shiboleth law firm and Morris Cohen, and that in checking her calendar, she only had noted the March 17th, 2013 trip on her calendar and thus she gave that date to Mr. Guerriero for use in his Declaration.

Since then, and upon further examination, Affiant stated that she realized that she had given Mr. Guerriero the wrong date and so advised him on August 20th, 2015 of her error.

Thus done and signed on this 21st day of August, 2015 in Monroe, Louisiana.

WITNESSES:

_____
(Printed Name: Laura Wolfe )

_____
(Printed Name: Donald McNeax )

_____
TARA AMBROSE

_____
NOTARY PUBLIC



Jeffrey D. Guerriero
STATE OF LOUISIANA
Ouachita Parish
Louisiana Bar Roll # 19862
My Commission is For Life